UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-364-GNS

A.M., a Minor, by her Parent and
Next Friend, OPRAH COOPER, JR.,
f/k/a ODA HAKORIMANA                                                                                    PLAINTIFF

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY                                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 13). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.  STATEMENT OF FACTS AND CLAIMS

Philadelphia Indemnity Insurance Company ("Philadelphia") is the insurer of non-party Virginia Council of Churches ("VCC"). (Compl. ¶ 4, DN 1). Philadelphia is authorized to conduct insurance writing, insurance claims settlement and other related insurance business in Kentucky. (Compl. ¶ 2). Pursuant to a contract with the U.S. Department of State, VCC allegedly undertook the responsibility of helping the family of A.M., a minor, settle in the United States after immigrating to Maryland from Burundi, an African country.[1] (Compl. ¶¶ 3, 11). As part of its service, VCC referred A.M.'s family to a daycare in Maryland run by Jessica V. Rodriguez ("Rodriguez"). (Compl. ¶¶ 15, 16). In 2007, when A.M. was 5 months old, an incident allegedly

---

[1] While A.M.'s mother and siblings are African refugees, A.M. was born in the United States and is an American citizen. (Compl. ¶¶ 7, 9, 10).

1

occurred at the day care in which Rodriguez's boyfriend caused severe injuries to A.M. (Compl. ¶¶ 20, 23).

Plaintiff Oprah Cooper, Jr. ("Cooper"), as the parent and next friend of A.M., filed a civil suit regarding the incident in 2010 in the Circuit Court for Washington County, Maryland. (Compl. ¶ 29). In that lawsuit Cooper alleged that VCC negligently failed to investigate whether the daycare complied with Maryland insurance laws before recommending it to A.M.'s family. (Compl. ¶ 30). Cooper later filed an additional action against VCC and others in this Court, which was dismissed for lack of personal jurisdiction.[2] *A.M. by Cooper v. Va. Council of Churches, Inc.*, No. 3:17-CV-00539-RGJ, 2018 WL 4472734, at *5 (W.D. Ky. Sept. 18, 2018). In 2020, Cooper and A.M. also filed a lawsuit, still ongoing, in the United States District Court for the District of Maryland. *A.M. by Cooper v. Va. Council of Churches*, No. RBD-20-00287, 2020 WL 6702999, at *9 (D. Md. Nov. 13, 2020). Finally, Cooper filed this action against Philadelphia under 42 U.S.C. § 1981 alleging that Philadelphia had discriminated against Cooper and A.M. because of their race in the adjusting, investigating, evaluating, defending, and processing of her claim against VCC. (Compl. ¶¶ 59-63). Philadelphia subsequently moved to dismiss this matter for lack of personal jurisdiction, lack of standing, and failure to state a claim. (Def.'s Mot. Dismiss, DN 13).

## II.    JURISDICTION

Subject matter jurisdiction is present pursuant to 28 U.S.C. §§ 1331 and 1343.

## III.    STANDARD OF REVIEW

"When a district court rules on a jurisdictional motion to dismiss, without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable

---

[2] Oddly, Cooper alleged in that action that she and A.M.'s siblings are refugees from Tanzania. (*A.M. by Cooper v. Va. Council of Churches*, No. 3:17-CV-0539-RGJ, Compl. ¶ 5, DN 1).

to the plaintiff." *Moore v. Irving Materials, Inc.*, No. 4:05-CV-184, 2007 WL 2081095, at *2 (W.D. Ky. July 18, 2007). "To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction and the court should not weigh the controverting assertions of the party seeking dismissal." *Id.* (citing *Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1272 (6th Cir. 1998)).

## IV.   DISCUSSION

"[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). "The burden of establishing jurisdiction is on the plaintiff." *Third Nat'l Bank v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989) (internal quotation marks omitted) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980)).

"Personal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc*., 503 F.3d 544, 549 (6th Cir. 2007) (alteration in the original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))). In a matter founded on federal question jurisdiction under 28 U.S.C. § 1331, as is this one, personal jurisdiction only exists, (1) "if the defendant is amenable to service of process under the [forum] state's long arm statute" and (2) "if the exercise of personal jurisdiction would not deny the defendant[] due process." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp*., 692 F.3d 469, 471 (6th Cir. 2012) (alterations in original) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). "A defendant is not amenable to service of process under Kentucky's long-arm statute unless the statute also authorizes personal jurisdiction over the

3

defendant*.*" *Chinook USA, LLC v. Duck Commander, Inc*., No. 3:14-CV-01015-CRS, 2016 WL 110594, at *3 (W.D. Ky. Jan 8, 2016) (citing KRS 454.210(3)(a)).

"Kentucky's long-arm statute allows Kentucky courts to 'exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from' nine scenarios." *Lechleiter v. SEI/Aaron's, Inc.*, No. 3:15-CV-00694-GNS, 2015 WL 9275744, at *2 (W.D. Ky. Dec. 18, 2015) (quoting KRS 454.210(2)(a)). Cooper points to the first scenario, "[t]ransacting any business in this Commonwealth", as the basis for Kentucky asserting personal jurisdiction over Philadelphia. KRS 454.210(2)(a)(1). Philadelphia concedes that it regularly transacts business in Kentucky, but this alone is not enough for Kentucky courts to assert personal jurisdiction. (Def.'s Reply Mot. Dismiss 4, DN 20). The Kentucky long-arm statute significantly limits personal jurisdiction to causes of actions, *inter alia*, "arising from" a defendant "[t]ransacting any business in this Commonwealth . . . ." KRS 454.210(2)(a).

In *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky. 2011), the Kentucky Supreme Court applied the ordinary meaning of 'arising from' to determine that the cause of action must have "originated from, or came into being, as a result" of a defendant's transacting business in Kentucky. *Id*. at 58. Therefore, "the wrongful acts of the defendant alleged in the plaintiff's complaint must originate from the actions or activities that form the applicable statutory predicate for the assertion of long-arm jurisdiction." *Id.* at 58-59. In *Caesars*, the court found that Kentucky did not have jurisdiction over a slip and fall that occurred at a casino in Indiana despite the fact that the casino conducted business activities in Kentucky, such as marketing, operating a rewards program, and extensive civic and charitable activities. *Id.* at 59. Long-arm jurisdiction did not exist because there was no "reasonable and direct nexus" between the conduct that caused the

4

plaintiff's injury—failing to keep safe the casino premises in Indiana—and Caesar's business activities in Kentucky. *Id.*

The necessary "reasonable and direct nexus" between the conduct causing the injury and the company's business transactions in Kentucky does not exist in this case. *Id*. Cooper alleges that the cause of action arises from Philadelphia transacting business in Kentucky because Philadelphia is actively discriminating against a third-party claimant who lives in Kentucky. (Pl.'s Resp. Def.'s Mot. Dismiss 7, DN 17). Cooper points out that she has resided in Kentucky for the past 13 years and Philadelphia has refused pay A.M.'s claim or even properly deny it for this entire period. (Pl.'s Resp. Def.'s Mot. Dismiss 7). Philadelphia concedes that it regularly conducts business in Kentucky; however, none of this business relates to claims asserted in the Complaint.

Crucially important here are Cooper's allegations of Philadelphia's actions underlying her claims. Cooper alleges that Philadelphia violated her rights in "the investigation, evaluation, and processing the claim and third-party liability compensation and [its] commercial generally liability policies . . . issued to its insured, VCC." (Compl. ¶ 60). The insurance policy was issued to a Virginia company, the underlying injury to A.M. occurred in Maryland, the claim against the daycare is being litigated in Maryland and the depositions of the relevant parties have been conducted in Maryland. (Pl.'s Resp. Def.'s Mot. Dismiss 5-7). Cooper has the burden of alleging facts supporting the exercise of personal jurisdiction. *See Third Nat'l Bank*, 882 F.2d at 1089 (citation omitted). Absent allegations of any relationship between Philadelphia's business in Kentucky and its alleged discrimination in handling the Maryland claim, Cooper fails to make a prima facie showing that personal jurisdiction is appropriate under KRS 454.210(2)(a)(1).

This conclusion is in line with this Court's earlier decision in *A.M. v. Va. Council of Churches*. As referenced above, this case was brought by Cooper against VCC, another agency,

Church World Services, Inc. ("CWS") and CWS's insurer, Allstate Insurance Company ("Allstate"), for claims attendant the same underlying injury to A.M. This Court dismissed the claims against Allstate for lack of personal jurisdiction, even though Allstate does business in Kentucky, because A.M.'s injury did not arise from Allstate's activities in Kentucky, stating:

> Allstate's insurance agreement with the daycare provider in no way implicates Allstate's Kentucky operations. Although Allstate transacts business and is authorized to sell insurance in Kentucky, that business lacks a direct nexus to the alleged wrongful acts. The property was insured in Maryland through an Allstate agent in West Virginia. Cooper does not claim that the daycare provider and Allstate entered into their agreement within the Commonwealth, and there is no reason to believe that is the case. Thus, consistent with the standard established by Kentucky courts, . . . Cooper has failed to set forth specific facts establishing jurisdiction under Kentucky's long-arm statute.

*A.M.*, 2018 WL 4472734, at *5 (internal citations omitted). Likewise, Philadelphia's insurance agreement at issue in this case no way implicates its Kentucky operations.

Cooper asserts that Philadelphia mistakenly hangs its entire argument on the Kentucky long-arm statute, but if the long-arm statute is not satisfied there can be no personal jurisdiction regardless of any due process analysis. *See Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012). Therefore, the Court need not reach the due process analysis set forth in *Ford Motor Co. v. Montana Eight Judicial District Court*, 141 S. Ct. 1017 (2021). (Notice Suppl. Authority, DN 22). While *Ford* may indicate that a causal link is no longer required for constitutional due process, a reasonable and direct nexus is still required under the Kentucky long-arm statute. *Ford*, 141 S. Ct. at 1024; *Caesars*, 336 S.W.3d 59. Furthermore, Cooper relies on Kentucky insurance cases such as *State Farm Mutual Automobile Insurance Co. v. Reeder*, 763 S.W.2d 116 (Ky. 1989), *Baker v. Motorists Insurance Cos.*, 695 S.W.2d 415 (Ky. 1985), and *Farmland Mutual Insurance Co. v. Johnson*, 36 S.W.3d 368, 380 (Ky. 2000), to demonstrate that personal jurisdiction is appropriate. None of these cases, however, discuss personal jurisdiction

and are much more pertinent to whether the Cooper successfully states a claim—an inquiry the Court cannot undertake without personal jurisdiction over Philadelphia. As concluded above, Cooper has not alleged facts necessary to establish personal jurisdiction over Philadelphia in this instance, and the Complaint will therefore be dismissed.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 13) is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

January 31, 2022

cc: counsel of record